IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Ronald Turner and :
Bonnie Coenen

    Plaintiffs                       : Case No. 15-CV-906

    v.

                                   :

State Farm Fire and
Casualty Company

                                   : Judge Richard P. Conaboy

    Defendant

_____

Memorandum

Pending before the Court is a Motion to Dismiss Count II of Plaintiff's Complaint filed by Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm"). That motion (Doc. 5) seeks to dismiss Plaintiffs' claim that Defendant exhibited "bad faith", as that phrase is defined at 42 Pa. CSA § 8371, in refusing to pay $159,060.00 for the loss of personal property and miscellaneous damages incident to a fire that destroyed Plaintiffs' dwelling place, a dwelling place that was insured by State Farm pursuant to a Homeowner's Policy Plaintiffs had purchased. This motion has been briefed by the parties (Doc. 6 and 7) and is now ripe for disposition. For the reasons discussed below, we will deny Defendant's motion.

1

I. **Background.**[1]

Plaintiffs initially filed this action in the Luzerne County Court of Common Pleas on April 6, 2015. (Doc. 1-2, Ex. A). Defendant removed this case to federal court on diversity grounds on May 8, 2015. (Doc. 1). The complaint contains two counts: Count I Breach of Contract and Count II premised upon statutory bad faith. As indicated above, Defendant's motion seeks only to dismiss the bad faith count, a result justified, according to the Defendant, because the bad faith allegations of the complaint lack the requisite specificity to support a bad faith claim.

Plaintiffs Ronald Turner and Bonnie Coenen own a property at 414 Bloomingdale Road, Shickshinny, Pennsylvania. On December 24, 2013 that property was severely damaged by fire. Defendant insured Plaintiff's premises and paid $193,200.00 to Plaintiffs in recognition of the damage to the structure itself. The applicable State Farm policy ("Policy") that covered Plaintiffs' property also included coverages for Plaintiffs' personal property, shrubs and trees, and additional living expenses incurred while the home remained uninhabitable. Plaintiffs seek recovery of a total of $159,060.00 in recognition of these other coverages and, as yet, some two years after the fire, Defendant has not paid Plaintiffs any sum towards these additional claims.

---

[1] The Background is derived from allegations in Plaintiff's Complaint which, in the context of a Rule 12(b)(6) motion, must be regarded as true. Kranz v. Prudential Investment Fund Management LLC, 305 F.3d 140 (3d. Cir. 2002).

2

Plaintiffs made repeated demands for payment of the contested sums. Despite the fact that the payments Plaintiffs seek were documented by a public adjustor Plaintiffs retained, Defendant has refused to date to reimburse Plaintiffs to any extent for the value of their lost personal property, the value of their damaged trees and shrubs, or the value of their unreimbursed living expenses. As a result of the Defendant's refusal to honor these obligations under the Policy, Plaintiffs allege that they were compelled to bring suit "to recover policy proceeds which should have been promptly paid". (Doc. 7 at 4).

## II. Discussion.

### A. Motion to Dismiss Standard.

A party may move to dismiss a claim or claims set forth in a plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim under which relief can be granted." The purpose of a motion to dismiss is to test the legal sufficiency of the complaint. Sturm v. Clark, 835 F.2d 1009, 1011 (3d. Cir. 1987). The Defendant bears the burden of showing that no claim has been presented. See e.g., Hedges v. United States, 404 F.3d 744, 750 (3d. Cir. 2005)(citation omitted).

The Third Circuit Court of Appeals has articulated the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in Bell Atlantic

Corporation v. Twombly, 550 U.S. 433 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009):

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id at 1950.

McTernen v. City York, 577 F.3d 521, 530 (3d. Cir. 2009). The Third Circuit Court discussed the effects of Twombly and Iqbal in detail and provided a roadmap for district courts presented with a motion to dismiss for failure to state a claim in a case filed only one week before McTernen, Fowler v. UPMC Shadyside,, 578 F.3d 203 (3d. Cir. 2009). That case states:

> District Courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949]. Second, a District Court must then determine whether the

facts alleged in the complaint are sufficient to show that the Plaintiff has a "plausible claim for relief." Id at 1950. In other words, a complaint must do more than allege a Plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d. Cir. 2008). As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not shown that the pleader is entitled to relief." Iqbal, 129 S.Ct. At 1949. This "plausibility" determination will be "a contact-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 201-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992 at 2(3d. Cir. September 24, 2009) (not

precedential)(quoting Twombly, 550 U.S. at 555).

**B.   Insurance Bad Faith**

Defendants assert that Plaintiffs' insurance bad faith claim (Count II) should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons discussed below, we disagree.

Pennsylvania has established the statutory remedy for bad faith on the part of insurance companies.  42 Pa. CSA § 8371 states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)   Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2)   Award punitive damages against the insurer.
>
> (3)   Assess court costs and attorneys fees against the insurer.

The standard for determining bad faith is well established:
> The term bad faith includes any frivolous or unfounded refusal to pay proceeds of a policy. For purposes of an action against an insurer for

> failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith."

Keefe v. Prudential Property and Casualty Insurance Company, 203 F.3d 218, 225 (3d. Cir 2002)(quoting Terletsky v. Prudential Property and Casualty Insurance Company, 649 A.2d 680, 688 (Pa. Super. 1997). Based on these principles, a plaintiff must show two things to recover on a bad faith claim: "(1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." Id. Bad faith must be proven by clear and convincing evidence. Id. at 227.

The Third Circuit Court of Appeals recently summarized additional guidance from Pennsylvania courts in Luse v. Liberty Mutual Fire Insurance Company, No. 10-3363, 2011 WL 477728(3d. Cir. February 11, 2011)(not precedential):

> While an insurer has a duty to investigate claims fairly and objectively, Diamon v. Penn Mutual Fire Insurance Company, 247 Pa. Super. 534, 372 A.2d 1218, 1226 (Pa. Super. 1997), an insurer may defeat a bad faith claim by showing that it

>conducted a review or investigation sufficiently thorough to yield a reasonable foundation for its action. See J.C. Penney Life Insurance Company v. Pilosi, 393 F.3d 356, 367 (3d. Cir. 2004)("A reasonable basis is all that is required to defeat a claim of bad faith.").

Luse, 2011 WL 477728 at 2.

### C. Sufficiency of Plaintiffs' Complaint

While Plaintiffs complaint is not lengthy or highly detailed, it does allege that State Farm insured the subject property for contents coverage and other miscellaneous coverages in the amount of $159,060.00. It also alleges that, despite repeated demands, State Farm has refused to make any payment to Plaintiffs related to their claim for these sums incident to the aforementioned coverages. Common sense does suggest that the items of personalty in the Plaintiffs' damaged residence almost necessarily had some value. Because we are told that State Farm had offered nothing at the time the suit was filed, we are asked to assume that State Farm's refusal to remit any amount in recognition of these claims is enough to establish that this complaint states a bad faith claim which, in terms of Twombly, supra, "is plausible on its face". Given the allegations in Plaintiffs' complaint, sparse as they may be, we must accept them as true. Thus, we must also accept as true Plaintiffs'

representation that it documented the value of its claim through the report of a public adjustor it had retained and that this report was furnished to the insurer. We must also accept as true that, despite being advised of the extent of Plaintiffs' losses, State Farm has made no offer to compensate Plaintiffs for these covered losses. Given these allegations, the Court can only conclude that Plaintiffs have stated a "plausible" claim for bad faith statutory damages via their complaint. Moreover, the Complaint affords Defendant adequate notice of the points upon which it must defend itself and it constitutes the sort of "short and plain statement of the claim" required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.

As discovery proceeds in this matter, it may well be that the facts gleaned through that process will permit the Defendant to file a subsequent claim for summary judgment against the bad faith count. However, we cannot conclude at this point in time that Plaintiffs lack a plausible claim for relief here. As a result, Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be denied.

BY THE COURT

*[signature]*
Honorable Richard P. Conaboy
United States District Court

Dated: 1-14-16